JAY K. GOLDBERG [JG-1294]
GOLDBERG & ALLEN, LLP
49 West 37th Street, 7th Floor
New York, New York  10018
212-766-3366

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------------X  17 CV   975
MICHAEL JOHNSON,

                       Plaintiff,                **COMPLAINT**

        - against -              **PLAINTIFF**
                                                                                   **DEMANDS A**
                                                                                   **TRIAL BY JURY**

POLICE OFFICER ROBERT DAZZO, SHIELD 25935,
POLICE OFFICER JOHN DOE,

                       Defendants.
---------------------------------------------------------------------------------X

## PARTIES, JURISDICTION and VENUE

1.     Plaintiff, MICHAEL JOHNSON, is a 40 year old male, who, at all times relevant to this action, was a resident of New York.

2.     Upon information and belief, Defendant POLICE OFFICER ROBERT DAZZO, SHIELD 25935, was at all relevant times an officer with the NYPD assigned to the 6th Precinct.  All actions by DAZZO complained of herein were taken in the course of his employment and under color of law.  DAZZO is being sued in both his individual and official capacities.

3.     Upon information and belief, Defendant POLICE OFFICER JOHN DOE ("DOE"), a fictitious name of an unidentified person, was at all relevant times a uniformed officer with the NYPD.  All actions by DOE complained of herein were taken

in the course of his employment and under color of law.  DOE is being sued in both his individual and official capacities.

4. Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq., specifically 28 U.S.C. § 1343.

5. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

6. The instant action is commenced within three years of the date of accrual of all causes of action.

## FACTS GIVING RISE TO THE CLAIMS

7. On April 26, 2016, Plaintiff was under arrest and held in custody at the 6th Precinct in New York County.

8. While at the Precinct, Plaintiff was standing at the bars of the holding cell with his arms extended through the bars.

9. While walking in the area of the holding cell, Defendant DAZZO or DOE instructed Plaintiff to pull his arms back into the cell.

10. Plaintiff pulled back his left arm, but did not immediately pull back the right arm.

11. Rather than issue another order or provide a warning to Plaintiff, Defendant DAZZO or DOE grabbed Plaintiff's right arm and forcefully and violently pulled it further out and twisted the arm causing the shoulder to be hyper-extended and slammed against the bars.

12. As a result, Plaintiff suffered immediate pain to the shoulder area and requested medical attention.

13. Plaintiff was told that he would only get attention when he was transferred

to Central Booking.

14. At Central Booking, Plaintiff again requested medical attention and was taken to Bellevue Hospital Center where he was preliminarily diagnosed to have suffered a torn rotator cuff.

15. On December 2, 2016, Plaintiff underwent surgery to repair the extensive damage to his shoulder, including the tear to his rotator cuff and biceps tendon.

16. As a result of the surgery, Plaintiff will have to undergo an extensive course of physical therapy.

17. As a result of the actions of the defendants, Plaintiff continues to suffer from physical pain, loss of range of motion, emotional distress and economic damage.

### FIRST CLAIM
(§1983 - EXCESSIVE FORCE)

18. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 17 of the Complaint as if incorporated and reiterated herein.

19. By using excessive force to accomplish a custodial goal, specifically, having Plaintiff bring his arms within the confines of the holding cell, Defendant DAZZO or DOE, violated Plaintiff's rights under the Eighth and Fourteenth Amendments of the United States Constitution under color of law.  Specifically, the right to be free from the use of excessive force under color of law.

20. By reason thereof, Defendants DAZZO or DOE violated 42 U.S.C. §1983

and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## SECOND CLAIM
(§1983 - ASSAULT)

21.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 20 of the Complaint as if incorporated and reiterated herein.

22.     While acting under color of law, Defendant DAZZO or DOE, committed an intentional and violent assault against Plaintiff without legal cause or justification in violation of the Eighth and Fourteenth Amendments of the United States Constitution under color of law.  Specifically, the right to be free from unlawful assault by an officer of the law while in his care and custody.

23.     By reason thereof, Defendant DAZZO or DOE caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

24.     By reason thereof, Defendant DAZZO or DOE violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish and the loss of his constitutional rights.

## THIRD CLAIM
(§1983 - DELIBERATE INDIFFERENCE)

25.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 24 of the Complaint as if incorporated and reiterated herein.

26.     By refusing to provide Plaintiff with immediate medical attention,

Defendants DAZZO and DOE acted with deliberate indifference to Plaintiff's medical needs and complaints of severe pain, in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments of the United States Constitution under color of law. Specifically, the right to be provided with necessary medical care while in custody.

27. Upon information and belief, Defendants DAZZO and DOE acted with deliberate indifference because they were aware of the injury caused to Plaintiff and wished to cover-up their involvement by delaying or preventing the medical treatment of Plaintiff.

28. By reason thereof, Defendant DAZZO or DOE violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish and the loss of his constitutional rights.

### DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiff demands judgment against Defendants as follows:

i) On the first claim, actual and punitive damages in an amount to be determined at trial;

ii) On the second claim, actual and punitive damages in an amount to be determined at trial;

iii) On the third claim, actual and punitive damages in an amount to be determined at trial;

iv) Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988,

    and costs of this action; and

v) Such other relief as the Court deems just and proper.

Dated: New York, New York
    February 10, 2017

            Goldberg & Allen, LLP
            Attorneys for Plaintiff

         By: _____
            Jay K. Goldberg [JG-1294]
            49 West 37th Street, 7th Floor
            New York, New York 10018
            (212) 766-3366